IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES C. LESTER,           )
                                 )
        Petitioner,       )
                                 )      Civil Action No. 5:14-10134
v.                           )
                                 )
WARDEN DAVID JONES,     )
                                 )
        Respondent.     )

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 14, 2014, Petitioner, acting *pro se*,[1] filed his Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody. (Document No. 1.) Petitioner paid the $5.00 filing fee on February 24, 2014. (Document No. 3.) On February 27, 2014, Petitioner filed a Supplement to his Section 2254 Petition. (Document No. 5.) By Order entered on May 5, 2015, United States Magistrate Judge R. Clarke VanDervort directed Respondent to show cause, if any, why Petitioner's Section 2254 Petition should not be granted. (Document No. 7.) On June 4, 2015, Respondent filed a Motion for an Enlargement of Time seeking an extension of time until July 13, 2015, in which to file an Answer to Petitioner's Petition and Supplemental Petition. (Document No. 10.) By Order entered on June 10, 2015, Judge VanDervort granted Respondent's Motion and directed the filing of an Answer by July 13, 2015. (Document No. 11.) The Docket Sheet reveals that the Clerk's Office was notified on June 24, 2015, that Petitioner is deceased. (Document No. 12.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## ANALYSIS

The undersigned finds that Petitioner's Section 2254 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This case or controversy requirement means that petitioner must continue to have a personal stake in the outcome of the civil action when the case is filed and when the case is decided. Id. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. Id. Section 2254 empowers a federal court to grant a petitioner relief from unlawful state custody. See Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(stating that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"). The Docket Sheet indicates that Petitioner is now deceased. By virtue of Petitioner's death, the Court can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2254. See Eakes v. McCall, 533 Fed.Appx. 268 (4th Cir. 2013)(denying petitioner's certificate of appealability and remanding to the district court with instructions to dismiss petitioner's Section 2254 petition as moot based upon petitioner's death); Neal v. Warden, Nottoway Correctional Center, 7 F.3d 225 (4th Cir. 1993)(unpublished opinion)(dismissing petitioner's appeal of the denial of his Section 2254 petition as moot based upon petitioner's death); also see Keitel v. Mazurkiewicz, 729 F.3d 278 (3rd. Cir. 2013)(finding that petitioner's Section 2254 *habeas* petition is rendered moot by his death); Bruno v. Secretary, Florida Department of Corrections, 700 F.3d 445 (11th Cir.

2012)(finding that the death of the Section 2254 *habeas* petitioner rendered the *habeas* action moot); Knapp v. Baker, 509 F.2d 922 (5th Cir. 1975)(finding a Section 2254 *habeas* petition is rendered moot by petitioner's death). Accordingly, Petitioner's claims are rendered moot by virtue of his death, and therefore, his Section 2254 Petition must be dismissed.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody and Supplemental Petition (Document Nos. 1 and 5), and remove this matter from the Court's docket.

The parties[2] are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

---

[2] The undersigned acknowledges that Petitioner is deceased, and therefore, is unable to file objections. To the extent this Proposed Findings and Recommendation is received by a family member or personal

3

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: February 23, 2016.

Omar J. Aboulhosn
United States Magistrate Judge

---

representative, such an individual may wish to file such objections.